FILED
CLERK, U.S. DISTRICT COURT
3/18/15
CENTRAL DISTRICT OF CALIFORNIA
BY: _____CP_____ DEPUTY

FILED & ENTERED
OCT 15 2014
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier   DEPUTY CLERK

BENJAMIN NACHIMSON (State Bar No. 166690)
ben.nachimson@wgfllp.com
WOOLF GAFNI & FOWLER LLP
10850 Wilshire Boulevard, Suite 510
Los Angeles, California 90024
Telephone: (310) 474-8776
Facsimile: (310) 919-3037

Attorney for David M. Goodrich
Chapter 7 Trustee

CV15-2000 CAS

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GRACE MOTORS, INC.<br><br>    Debtor.<br><br>DAVID M. GOODRICH, solely in his capacity as the Chapter 7 Trustee,<br><br>    Plaintiff,<br>v.<br><br>STATE FARM, F.S.B, a FEDERAL SAVINGS BANK and subsidiary of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES 1 -10,<br><br>    Defendants, | Bankruptcy Case No.: 2:13-bk-21959-BR<br><br>Chapter 7<br><br>Adversary No.: 2:14-ap-01183-BR<br><br>**FINDING OF FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY ADJUDICATION OF THIRD CLAIM FOR RELIEF**<br><br>[DOCKET NO. 7]<br><br>Date:   September 23, 2014<br>Time:  10:00 a.m.<br>Crtm:   1668 |

      Plaintiff/Movant David M. Goodrich, Chapter 7 Trustee's ("Trustee") Motion for Summary Adjudication of Third Claim for Relief ("Motion") filed as Docket No. 7 came on hearing on September 23, 2014, before the Honorable Barry Russell, United States Bankruptcy Judge, presiding, Trustee, appeared by and through his counsel, Woolf Gafni & Fowler, LLP, by Benjamin Nachimson. Defendant State Farm Bank, F.S.B, a Federal Savings Bank and subsidiary of State

1  Farm Mutual Automobile Insurance Company ("Defendant") appeared by and through its counsel,
2  Miles, Bauer, Bergstrom & Winters, LLP, by Tami S. Crosby.
3      The Bankruptcy Court having reviewed the Motion, declarations, supporting evidence, and
4  proposed Separate Statement of Uncontroverted Facts and Conclusions of Law filed by the Trustee,
5  all other pleadings and other materials filed in this bankruptcy case, and having considered the
6  arguments and representations of counsel, during the hearing, submitted a proposed Finding of Facts
7  and Conclusions of Law subject to review by the United States District Court wherein it
8  recommended entry of the Findings of Facts and Conclusions of Law, which the District Court
9  enters.

## FINDINGS OF FACTS

10
11  1.   On May 6, 2013, Grace Motors, Inc. ("Debtor") filed a voluntary petition for relief
12  under Chapter 7 of Title 11 of the United States Code.
13  2.   On March 28, 2014, Trustee filed a Complaint for: (1) Avoidance and Recovery of
14  Preferential Transfer; and (2) Avoidance and Recovery of Fraudulent Transfer ("Complaint"),
15  commencing this Adversary Proceeding.
16  3.   On April 28, 2014, Defendant filed its Answer to the Complaint.
17  4.   On October 4, 2012, Shanna Han entered into a Promissory Note and Security
18  Agreement (the "Note") with Defendant enabling her to purchase a 2009 BMW 3 Series (the
19  "Vehicle") from Ko Byo Kyung.
20  5.   On January 7, 2013, the Defendant's lien pursuant against the Vehicle and Ms. Han,
21  pursuant to the Note is recorded and perfected by the issuance of a Certificate of Title by the
22  California Department of Motor Vehicles.
23  6.   On or about March 26, 2013, the Debtor sends a cashier's check in the amount of
24  $36,822.96 to Defendant instructs Defendant to release the lien against the Vehicle.
25  7.   On March 29, 2013, Defendant transmits to the California Department of Motor
26  Vehicles a request to release its lien against the Vehicle.
27
28

8. On April 28, 2013, a release of the lien of Defendant against the Vehicle is recorded with the California Department of Vehicles.

9. On or about March 26, 2013, Defendant received a transfer of property from Debtor.

CONCLUSIONS OF LAW

1. The Cashier's check in the amount of $36,822.96 made payable to Defendant reflects a transfer of property (the "Transfer") from Debtor to Defendant.

2. Defendant's receipt of the Transfer constitutes the receipt of an interest of the Debtor in the Transfer.

3. Debtor received less than reasonably equivalent value from Defendant in exchange for the Transfer.

4. The Transfer was made while Debtor was insolvent.

5. The Transfer was made while Debtor owed money to creditors and one or more of those creditors were owed money on the Petition Date.

Date: October 15, 2014

Barry Russell
United States Bankruptcy Judge